IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BARBARA HILDENBRAND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:12-CV-2959-D |
| VS. | § | |
| | § | |
| MEGAN FAHEY, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

The court addresses in this case another attempt by plaintiff Barbara Hildenbrand ("Hildenbrand") to obtain relief under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. For the reasons that follow, the court dismisses this case with prejudice.

I

Hildenbrand was convicted of defrauding the U.S. Department of Housing and Urban Development ("HUD"), in violation of 18 U.S.C. § 1012. *See United States v. Hildenbrand*, No. 3:04-CR-318-N. She has since filed multiple FOIA requests seeking documentation regarding her criminal conviction.[1] In September 2011 Hildenbrand made a FOIA request for records, documents, or other evidence supporting the following: Assistant U.S. Attorney Mattie Peterson Compton's ("Compton's") and Assistant U.S. Attorney Megan J. Fahey's

[1]When Hildenbrand did not obtain the information she desired from her previous FOIA requests, she filed suit to compel production. Judge Godbey dismissed the suit in part and in part granted summary judgment in favor of the U.S. Department of Justice. *See Hildenbrand v. U.S. Dep't of Justice*, No. 3:11-CV-1829-N, slip op. at 15 (N.D. Tex. Aug. 21, 2012) (Godbey, J.).

("Fahey's") statements that Hildenbrand was the alter ego of Community Housing Fund; Compton's statement that Hildenbrand defrauded HUD of $672,221.00; and Fahey's determination that there was a HUD program titled Single Family Affordable Housing Program. On October 24, 2011 Hildenbrand received a response stating that a search of the U.S. Attorney's Office for the Northern District of Texas ("USAO") produced no responsive records.

Hildenbrand now brings this action under FOIA to compel production of the requested documents, or, if the U.S. Department of Justice ("DOJ") cannot supply the requested documents, for a declaratory judgment that the documents do not exist. Defendants Fahey, Compton, and DOJ move to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), or for summary judgment under Rule 56.[2]

II

Fahey and Compton argue that they are not proper parties to this action. The court agrees. FOIA applies to an "agency." 5 U.S.C. § 552(a)(4)(B). An agency is defined as including "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government . . . , or any independent regulatory agency." *Id.* § 552(f)(1). "A FOIA plaintiff may not assert a claim against an individual federal official; the proper defendant is the

[2]On October 7, 2012 Hildenbrand filed without leave of court a rejoinder to defendants' reply brief. The court has not considered the rejoinder in deciding these motions. *See* N.D. Tex. Civ. R. 7.1(e) and (f) providing for response and reply briefs but not for further briefing.

agency." *Batton v. Evers*, 598 F.3d 169, 172 (5th Cir. 2010) (citing *Petrus v. Bowen*, 833 F.2d 581, 582 (5th Cir. 1987) (affirming dismissal with prejudice under Rules 12(b)(1) and 12(b)(6) of claims against named individuals)). Therefore, because neither Fahey nor Compton is an agency, the actions against them are dismissed with prejudice.

III

DOJ argues that the court does not have subject matter jurisdiction over the claims against it because it did not improperly withhold records.

A

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). In determining whether the party seeking the federal forum has met her burden, "the district court is empowered to consider matters of fact which may be in dispute," *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)), and should "grant[] [the motion] only if it appears certain that the plaintiff cannot prove any set of facts in support of [her] claim that would entitle plaintiff to relief," *id.* (citing *Home Builders Ass'n of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). If subject matter jurisdiction is lacking, the court must dismiss the suit. *See Stockman*, 138 F.3d at 151.

"Jurisdiction in a FOIA suit is based upon the plaintiff's showing that an agency has (1) improperly (2) withheld (3) agency records." *Goldgar v. Office of Admin., Exec. Office of the President*, 26 F.3d 32, 34 (5th Cir. 1994) (per curiam) (citing *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980)). "The plaintiff has the initial burden of establishing that the court has jurisdiction over [her] claims." *Id.* But it is the "agency's burden to prove the non-existence of the records sought." *Id.* Thus if DOJ establishes that it has released the responsive records to the requestor, "the case should be dismissed as the improperly withheld agency records that were the subject of the plaintiff's suit become a moot issue." *Murillo v. U.S. Dep't of Homeland Sec.*, 2007 WL 1944406, at *5 (N.D. Tex. June 28, 2007) (Stickney, J.) (citing *Kissinger*, 445 U.S. at 150; *Voinche v. F.B.I.*, 999 F.2d 962, 963 (5th Cir. 1993) (per curiam)). Nevertheless,

> [g]enerally, the proper procedural vehicle for bringing an argument based on mootness is a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). Where, however, the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case under either Rule 12(b)(6) or Rule 56.

*Hildenbrand v. U.S. Dep't of Justice*, No. 11-CV-1829-N, slip op. at 6 (N.D. Tex. Aug. 21, 2012) (Godbey, J.) ("*Hildenbrand I*") (citations, quotation marks, and ellipsis omitted).

As in *Hildenbrand I*, "the jurisdictional attack . . . is inextricably intertwined with the merits of Hildenbrand's FOIA action, because in order to decide both mootness and the merits of Hildenbrand's FOIA action, the Court must decide whether DOJ improperly

withheld agency records under FOIA section 552(a)(4)(B)." *Id.* at 6 (quoting *Calle v. F.B.I.*, 2011 WL 3820577, at *3 n.1 (N.D. Tex. Aug. 5, 2011) (Ramirez, J.)). The court therefore concludes that it has subject matter jurisdiction and considers whether DOJ has established under the summary judgment standard that it has sufficiently responded to Hildenbrand's FOIA request.

B

To meet its summary judgment burden in the context of a FOIA claim, "the agency must demonstrate that its search for the requested material was adequate and that any withheld material is exempt from disclosure." *Driggers v. United States*, 2011 WL 5525337, at *3 (N.D. Tex. Oct. 26, 2011) (Ramirez, J.) (citing *Cooper Cameron Corp. v. U.S. Dep't of Labor, OSHA*, 280 F.3d 539, 543 (5th Cir. 2002)). The agency can satisfy this burden through affidavits and declarations demonstrating that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the [FOIA's] inspection requirements." *Miller v. U.S. Dep't of State*, 779 F.2d 1378, 1383 (8th Cir. 1985) (quoting *Nat'l Cable Television Ass'n. v. Fed. Commc'ns Comm'n*, 479 F.2d 183, 186 (D.C. Cir. 1973)).

When determining whether the agency has met its burden by proving that its search for documents was adequate, the court uses a standard of "reasonableness." That is, "the agency must show beyond material doubt that it has conducted a search reasonably calculated to uncover all relevant documents." *Miller*, 779 F.2d at 1383 (ellipsis omitted) (quoting *Weisberg v. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983)). The agency can

demonstrate reasonableness by showing that "it used 'methods which can be reasonably expected to produce the information requested.'" *Batton*, 598 F.3d at 176 (quoting *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)). "Affidavits or declarations supplying facts indicating that the agency has conducted a thorough search . . . are sufficient," *Carney*, 19 F.3d at 812 (footnote omitted) (citing cases), provided the affidavits "are relatively detailed, nonconclusory, and submitted in good faith," *Miller*, 779 F.2d at 1383 (citing *Goland v. C.I.A.*, 607 F.2d 339, 352 (D.C. Cir. 1978)). The agency "is entitled to a 'presumption of legitimacy' unless there is evidence of bad faith in handling the FOIA request." *Batton*, 598 F.3d at 176 (citing *U.S. Dep't of State v. Ray*, 502 U.S. 164, 179 (1991)). The agency need not, however, be "exhaustive," *Miller*, 779 F.2d at 1383, or "search every record system," *Oglesby*, 920 F.2d at 68.

C

As with Hildenbrand's prior FOIA suit, DOJ has produced an affidavit detailing adequate procedures to uncover the requested documents. DOJ has introduced the affidavit of Cynthia A. Nichols ("Nichols"), a paralegal specialist in the criminal division of the USAO, whose responsibilities include "receiving and reviewing requests made pursuant to [FOIA]," performing "searches conducted for FOIA[] purposes," and serving as "a liaison to the [FOIA] Staff [] for the Executive Office for the United States Attorneys (EOUSA)." Ds. App. 1-2. Nichols avers that she is familiar with Hildenbrand's FOIA requests as well as their substance, and that the FOIA Staff of EOUSA requested a search of responsive records. The office therefore "conducted a query of the Legal Information Office Network

System (LIONS) to identify and determine the likely location of any [USAO] files pertaining to Hildenbrand." *Id.* at 3. According to Nichols, "[a] LIONS query was the most likely means of determining the location of any . . . files which might contain records responsive to Hildenbrand's request." *Id.* In addition to this inquiry, a staff member sent an interoffice email advising USAO personnel of Hildenbrand's FOIA request and requesting any pertinent documents or files. Both Fahey and Compton independently responded, stating that the responsive documents were "the Factual Resume, Plea Agreement, and Judgment in a Criminal Case." *Id.* at 4. A copy of the factual resume was therefore provided. Last, the USAO "conducted a search of the [USAO] Financial Litigation Unit's case file" associated with Hildenbrand, but no responsive documents were found. *Id.* at 5. Having performed these searches, Nichols averred that, "[t]o [her] knowledge, there is no [other] location . . . where responsive records are likely to be located," and that she is not aware "of any other method or means by which a further search could be conducted which would be likely to locate any additional responsive records." *Id.* at 5.

This is precisely the same record on which Judge Godbey previously ruled that DOJ had satisfied its burden of conducting an adequate search. *See Hildenbrand I,* slip op. at 13-15; *see also* P. Resp. 3 (stating that DOJ's evidence of search is same as in *Hildenbrand I*). And it establishes that DOJ conducted a search reasonably calculated to uncover all relevant documents.

Hildenbrand nevertheless argues that the court should not rely on the affidavits of John Boseker and Nichols because their affidavits, and an affidavit of Ofelia Perez in

*Hildenbrand I*, rely on Compton and Fahey's statements that the factual resume in Hildenbrand's criminal case is responsive to her FOIA request. Regardless whether the factual resume was in fact responsive, however, Hildenbrand has not offered any evidence that DOJ's search was inadequate or in bad faith. She provides no evidence that documents are likely to exist beyond DOJ's search parameters. She also provides no evidence that DOJ "purposefully withheld documents." *Smith v. United States*, 1996 WL 696452, at *5 (E.D. La. Dec. 4, 1996) ("To prove bad faith a plaintiff must show that the government purposefully withheld documents, not that it merely delayed or was inefficient in producing them.") (citing *Simon v. United States*, 587 F. Supp. 1029, 1032 (D.D.C. 1984)). Rather, even if the court accepts as true the unsworn assertion of her response brief that the factual resume was not responsive, this shows only that DOJ was overinclusive in its production of materials—i.e., the opposite of purposefully withholding documents.

Under the applicable standard of reasonableness, DOJ has show beyond material doubt that it conducted a search reasonably calculated to uncover all relevant documents. DOJ is therefore entitled to summary judgment dismissing Hildenbrand's FOIA action with prejudice.

IV

Hildenbrand also requests that, if DOJ cannot supply the documentation requested, the court grant declaratory relief that such documentation does not exist. "Federal courts have broad discretion to grant or refuse declaratory judgment." *Kougl v. Xspedius Mgmt. Co. of Dall./Fort Worth, L.L.C.*, 2005 WL 1421446, at *4 (N.D. Tex. June 1, 2005) (Fitzwater,

J.), 2005 WL 1421446, at *4 (Fitzwater, J.) (citing *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991)). Federal courts are competent to declare rights, but they have no duty to do so. *See Public Affairs Assocs. v. Rickover*, 369 U.S. 111, 112 (1962) (per curiam).

In *Hildenbrand I* Judge Godbey aptly noted that Hildenbrand's "request for declaratory judgment has nothing to do with this FOIA suit. Rather, Hildenbrand essentially attempts to appeal and attack the merits of" her criminal conviction. *Hildenbrand I*, slip op. at 16 n.16. Applying Judge Godbey's sound reasoning to the instant case, the court declines to grant the declaratory relief that Hildenbrand requests.

* * *

For the reasons explained, the court grants Fahey's and Compton's motions to dismiss and grants DOJ's motion for summary judgment. This action is dismissed with prejudice by judgment filed today.

**SO ORDERED.**

November 16, 2012.

SIDNEY A. FITZWATER
CHIEF JUDGE